Thomas D. Walk (#5555)
KIRTON & McCONKIE, PC
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84145
Telephone: (801) 328-3600
Facsimile: (801) 321-4893

David B. Cupar (*pro hac vice pending*)
Matthew J. Cavanagh (*pro hac vice pending*)
McDONALD HOPKINS LLC
600 Superior Avenue, E., Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474

*Attorneys for Cequent Performance Products, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Angela Budge et al., | **Notice of Removal** |
| Plaintiffs, | |
| v. | Case No. |
| Cequent Performance Products, Inc., | Judge |
| Defendant. | |

In accordance with 28 U.S.C. §§ 1441 and 1446, defendant Cequent Performance Products, Inc. ("Cequent"), incorrectly identified in the complaint as "Cequent Trailer Products, Inc.," submits this notice of removal of the above-captioned case from the Fifth Judicial District Court, Washington County, Utah, to the United States District Court for the District of Utah, Central Division, and states the following as grounds for doing so:

## Summary

1.     On November 26, 2014, plaintiffs Angela Budge and Diversi-Tech Corporation filed a civil complaint in the Fifth Judicial District Court, Washington County, Utah, against Cequent, entitled *Angela Budge et al. v. Cequent Trailer Products, Inc.*, Case No. 140500683.

2.     Plaintiffs' complaint incorrectly identifies Cequent as "Cequent Trailer Products, Inc." (hereinafter, "Cequent Trailer"). Cequent Trailer no longer exists. In 2008, it merged with Cequent Towing Products, Inc., which changed its name to Cequent Performance Products, Inc. in 2008.

3.     On December 1, 2014, the summons and complaint were first served upon Cequent. Copies of the summons and complaint are attached as Exhibit 1.

4.     The complaint seeks tort, statutory, and equitable remedies, raises a federal question, namely the validity of U.S. Patent No. 6,722,686 ("the '686 patent") under 35 U.S.C. § 102, and it puts more than $75,000 in controversy between parties of diverse citizenship.

5.     Cequent, therefore, has removed this case to federal court on two independent jurisdictional grounds: (i) federal-question jurisdiction under 28 U.S.C. § 1331, and (ii) diversity jurisdiction under § 1332.

## The Parties

6.     Cequent is a Delaware corporation with a principal place of business in Michigan.

7.     Angela Budge is an individual who is a citizen of, and resides in, Utah.

8.     Diversi-Tech is a Utah corporation with a principal place of business in Utah.

## Background

9.     Cequent designs, manufactures, and markets a wide array of trailer products and accessories for trailer equipment manufacturers, wholesaler-distributors, and retail markets.

10.     On April 20, 2004, Cequent Trailer obtained the '686 patent, entitled "Coupler Locking Device and Method."

11.     In 2005, Cequent Trailer sued Diversi-Tech for infringing the '686 patent in the United States District Court for the Northern District of New York in a case entitled *Cequent Trailer Products, Inc. v. Diversi-Tech Corp.*, Civil Action No. 5:05-cv-00074-NAM-GJD (the "Action").

12.     Cequent based its claims in the Action upon Diversi-Tech's sale of a universal coupler lock that infringes one or more claims of the '686 patent. (*See* Compl. ¶¶ 7-9.)

13.     Diversi-Tech counterclaimed against Cequent in the Action broadly seeking a declaratory judgment that the '686 patent is invalid under 35 U.S.C. § 102 and under other provisions of the Patent Act.

14.     The parties agreed to settle the case and memorialized their settlement in a June 26, 2008, written agreement (the "Agreement"), which is attached to plaintiffs' complaint as Exhibit A.

15.     The settlement resulted in a stipulated dismissal of the Action with prejudice, including a dismissal of Diversi-Tech's patent invalidity counterclaims.

## Plaintiffs' Breach of the Agreement and Guaranty

16.     The Agreement required Diversi-Tech to "pay Cequent a total sum of Sixty Thousand Dollars ($60,000) within one year from the Effective Date of th[e] Agreement." (Agreement § 1.1)

17.     Diversi-Tech also agreed "to provide Cequent with an executed Personal Guaranty of Payment upon the Effective Date . . . for the payment of the sixty-thousand dollars." (Agreement § 1.1.)

18.     Angela Budge, President of Diversi-Tech, executed the personal guaranty required by the Agreement on June 27, 2008. A copy of the signed guaranty is attached to this notice as Exhibit 2.

19.     Additionally, Diversi-Tech promised to pay a royalty of $1.50 per coupler lock sold in excess of 30,000 units during the first year. (Agreement § 1.2)

20.     Diversi-Tech further promised that, after the first year, it would pay Cequent "a royalty in the amount of $1.50 going forward for each individual coupler lock sold until expiration of the '686 Patent." (Agreement § 1.3) The '686 patent remains valid and enforceable, and it will not expire until at least May 1, 2022.

21.     Diversi-Tech further promised to "provide Cequent with an accurate accounting of the number of coupler lock units sold" on a biannual basis. (Agreement § 1.4)

22.     Diversi-Tech released Cequent from, among other things, any claims that the '686 patent is invalid. (Agreement § 2.2.)

4

23.     To date, Diversi-Tech has only paid Cequent $28,000 of the $60,000 up-front payment that was due by June 26, 2009, and it has never provided any of the ongoing accountings and royalty payments required by the Agreement. These are all material breaches by Diversi-Tech.

24.     Angela Budge has breached the guaranty by, among other things, refusing to pay the $28,000 owed on the $60,000 up-front payment, which she personally guarantied.

25.     Upon information and belief, Diversi-Tech has sold more than 10,000 coupler units since June 26, 2009. Thus, based on the $1.50 per unit royalty rate required by the Agreement, Diversi-Tech owes Cequent more than $15,000 in ongoing royalties.

### Plaintiffs' Lawsuit

26.     On May 7, 2014, Cequent's attorney wrote to Diversi-Tech, Angela Budge, and Paul Budge (Angela's husband and co-owner of Diversi-Tech), requesting that they remedy the contractual breaches.

27.     Diversi-Tech and the Budges never responded to Cequent's letters.

28.     Instead, Angela and Diversi-Tech filed this lawsuit against Cequent.

29.     Plaintiffs allege that the Agreement should be rescinded based on their false allegation that "the 686 Patent is not owned by Cequent or alternatively that the 686 Patent was invalid from its inception." (Compl. ¶¶ 12-16.) Throughout their complaint, plaintiffs equate patent invalidity with lack of ownership. There is no legal support for such a theory.

30.     Plaintiffs seek rescission, return of the $28,000 paid to Cequent, and forgiveness of all past and future royalties due (or to become due) to Cequent.

## Basis for Removal

31.     Under the removal statute, 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

32.     The district courts of the United States have original jurisdiction over this civil action on one or both of these independent grounds: (a) federal-question jurisdiction under 28 U.S.C. § 1331, and (b) diversity jurisdiction under 28 U.S.C. § 1332.

### Federal-Question Jurisdiction

33.     Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

34.     This Court has federal question jurisdiction because plaintiffs hinge all of their claims on a federal issue: their false (and emphatically disputed) allegation that the '686 patent is invalid under federal law based on a "provisional patent application" by Wyers Product Group, Inc. that allegedly predated Cequent's application for the '686 patent.[1] (*See* Compl. ¶ 14-15, Ex. B to Compl.)

35.     According to plaintiffs, the Agreement should be rescinded – and they should be awarded damages and other financial relief – because Cequent either mistakenly thought its '686 patent was valid or fraudulently concealed invalidity from plaintiffs. (Compl. ¶¶ 20, 22.)

_____

[1] Plaintiffs' claims fail on several levels, including: (i) res judicata bars them, based on the dismissal with prejudice of Diversi-Tech's invalidity counterclaim in the Action, and (ii) Diversi-Tech released Cequent from any claims of patent invalidity in § 2.2 of the Agreement.

36.     To prove their allegation of patent invalidity, plaintiffs would have to prove by clear and convincing evidence that the '686 patent is invalid under 35 U.S.C. § 102.

37.     Thus, this case necessarily raises a federal issue, actually disputed by the parties, that is both substantial and capable of resolution in federal court without disruption of the federal-state balance.

*Diversity Jurisdiction*

38.     Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states . . . ."

39.     Diversity jurisdiction exists here because the parties are diverse and the amount in controversy exceeds $75,000.

40.     As to diversity of citizenship, Cequent is a Delaware corporation with a principal place of business in Michigan, and neither of the plaintiffs is a citizen of Delaware or Michigan. Diversi-Tech is a Utah corporation with a principal place of business in Utah, and Ms. Budge is a citizen of Utah.

41.     As to the amount in controversy, the plaintiffs jointly seek – under both their tort and declaratory claims – rescission of the Agreement, an order compelling Cequent to return the $28,000 paid, and an order forgiving past and future royalties. (Compl. ¶¶ 21, 24, 35, 40, Prayer for Relief (A)-(M).) Those claims alone put more than $75,000 in controversy:

| Description | Amount |
|---|---|
| Return of payments received by Cequent | $28,000 |
| Rescission/release of plaintiffs' obligation to pay remaining debt on $60,000 up-front payment | $32,000 |
| Royalties due to Cequent for coupler sales after June 26, 2009 | > $15,000 |
| Total | > $75,000 |

42.     Moreover, plaintiffs jointly seek punitive damages and attorneys fees, both of which count toward the jurisdictional amount and push it far above $75,000. (Compl. ¶¶ 28, 37, Prayer for Relief (L)-(M).)

43.     This Court, therefore, has original jurisdiction under 28 U.S.C. § 1331, § 1332, or both. Thus, removal is proper.

**Other Removal Matters**

44.     The United States District Court for the District of Utah, Central Division, is the proper district and division in which to remove the action, according to 28 U.S.C. § 1441, because this district and division embrace Washington County, Utah, where the action was originally filed.

45.     In accordance with 28 U.S.C. § 1446(d), Cequent will promptly send a copy of this notice by e-mail to plaintiffs' attorney. Cequent will also promptly file a copy of this notice with the Clerk of Court for the Fifth Judicial District Court, Washington County, Utah.

46.     This removal is timely because Cequent has filed this notice within 30 days after receipt of the complaint through service.

## Conclusion

**WHEREFORE**, Cequent hereby gives notice of its removal of this civil action from the Fifth Judicial District Court, Washington County, Utah, to the United States District Court for the District of Utah, Central Division.

Dated this 31st day of December, 2014.

/s/ Thom Walk_____
Thom Walk
KIRTON McCONKIE
60 East South Temple, Suite 1800
Salt Lake City, UT  84111
Telephone:  (801) 328-3600
Facsimile:   (801) 212-2019

*Attorney for Cequent Performance Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of December, 2014, the foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court, District of Utah, using the CM/ECF system:

Angela Budge
1187 West Green Springs Hts. N
Washington, Utah 84780

/s/ Brianne Fallis _____

# Exhibit 1

S. JAMES PARK  (11741)
BRIAN D. SHELLEY (14084)
A. JASON VELEZ (9028)
Labrum Todd Park Velez & Associates
DBA 1LAW
1173 S. 250 W. Suite, 311
St. George, UT 84770
Telephone: (435)688-9558
Facsimile: (435) 673-1640
JIM@1LAW.COM

Attorneys for Plaintiffs

---

### IN THE FIFTH JUDICIAL DISTRICT COURT, IN AND FOR

### WASHINGTON COUNTY, STATE OF UTAH

| | |
|---|---|
| Angela Budge, an Individual; and Diversi-Tech Corp. a Utah Corporation<br><br>    **Plaintiffs,**<br><br>v.<br><br>Cequent Trailer Products, Inc.<br><br>    **Defendants.** | **SUMMONS**<br><br>Case No.  140500683<br><br>Judge:   JEFFREY C. WILCOX |

THE STATE OF UTAH TO THE ABOVE NAMED DEFENDANT:

  Cequent Trailer Products Inc.
  Corporation Service Company
  2711 Centerville Rd. Ste 400
  Wilmington, DE 19808

YOU ARE HEREBY SUMMONED and required to file an answer in writing to the

SUMMONS
ANGELA BUDGE, AN INDIVIDUAL; AND DIVERSI-TECH CORP. VS. CEQUENT TRAILER PRODUCTS, INC.
PAGE 2

attached Verified Petition for Adoption with the Clerk of the above-entitled court, 206

Tabernacle, Suite 100, St. George, Utah 84770, and to serve upon, or mail to, LABRUM TODD

PARK & VELEZ, PLLC, dba 1LAW, Petitioner's attorney, 1173 South 250 West, Suite 311, St.

George, Utah 84770, a copy of said answer, within thirty (30) days after service of this summons

upon you.  If you fail so to do, judgment by default will be taken against you for the relief

demanded in said complaint which has been filed with the clerk of said court and a copy of

which is hereto annexed and herewith served upon you.

DATED this 26th day of November, 2014.

1LAW

By:    _/s/  S. James Park_
       **S. JAMES PARK**
       Attorney for Plaintiffs

DocuSign Envelope ID: 870B6C72-06C5-4D6C-AEE2-5BECE67C6BAC

S. James Park (#11741)
Brian D. Shelley (#14084)
A.Jason Velez (#9028)
Labrum Neeley Velez & Associates
dba 1LAW
1173 South 250 West, Suite 311
St. George, Utah 84770
Phone: (435) 688-9558
Facsimile: (435) 673-1640
Email: JIM@1LAW.COM

*Attorneys for Plaintiffs*

IN THE FIFTH JUDICIAL DISTRICT COURT,
WASHINGTON COUNTY, UTAH

| | |
|---|---|
| Angela Budge, an Individual; and Diversi-Tech Corp. a Utah Corporation<br><br>     Plaintiffs,<br><br>v.<br><br>Cequent Trailer Products, Inc.,<br><br>     Defendant. | **Verified Complaint**<br><br>**Tier 2**<br><br>Case No. _____<br>Judge _____ |

Plaintiffs ANGELA BUDGE ("Budge"), individually, and DIVERSI-TECH

CORPORATION, A Utah Corporation ("Diversi-Tech") hereinafter "Plaintiffs", hereby

complain and allege against Defendant CEQUENT TRAILER PRODUCTS, INC., A Deleware

Corporation ("Cequent") as follows:

## PARTIES

1.    Plaintiff Angela Budge is an individual residing in in Washington County, Utah

and is the President of Plaintiff Diveri-Tech Corporation, and Guarantor on that certain

Settlement Agreement that is the subject matter of this Action.

DocuSign Envelope ID: B7U6BU72-U6U5-4D6U-AEE2-5BEUE67U6BAU

2.     Plaintiff Diversi-Tech Corporation is a corporation validly existing under the laws of the State of Utah, with its principle place of business located in Washington County, Utah.

3.     Defendant Cequent Trailer Products, Inc. is a corporation established under the laws of Delaware with its principle place of business in Mosinee, Wisconsin.

4.     Defendant Cequent, Plaintiff Budge and Plaintiff Diversi-Tech will be collectively referred to as "Parties" or individually referred to as a party in context.

<h3 style="text-align:center">JURISDICTION AND VENUE</h3>

5.     This Court has jurisdiction over this action pursuant to Utah Code Annotated ("UCA") § 78B-5-102(1).

6.     Venue is properly laid in this forum pursuant to UCA § 78B-3-304(2) and -307(1) because Washington County is were the contract was signed and the obligations under the contract were to be performed in here.

<h3 style="text-align:center">FACTUAL ALLEGATIONS</h3>

7.     In January 2005, Defendant Cequent filed a lawsuit against Plaintiff Diversi-Tech alleging patent infringement to United States Patent No. 6,722,686 (the "686 Patent" also known as the "Koy Patent"), of which Defendant represented ownership.

8.     The 686 Patent is for a "Coupler Locking Device and Method" that secures an unattended trailer hitch so that it cannot be attached to a vehicle.

9.     Plaintiff Diversi-Tech manufactured a coupler lock identified as the DT-25013 (the "coupler lock"), which coupler lock Cequent alleged fringed upon its 686 Patent.

10.     On or about June 26th, 2008, the Parties mutually negotiated and entered into a Settlement Agreement with the desire to settle and compromise the litigation arising out of the claims asserted by the Parties. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit "A")

2

DocuSign Envelope ID: B7U6BC72-U6C5-4D6C-AEE2-8BECE67C6BAC

11.     Material representations of Cequent within the Settlement Agreement expressly state that Cequent is the Owner of Patent No. 6,722,686, which ownership claim gave rise to the requirement of the payment of a settlement amount of Sixty-Thousand Dollars ($60,000.00) plus royalties based on a tiered sales structure, from Plaintiff to Defendant.  Specifically, the Settlement Agreement Recitals state: "WHEREAS, Cequent is the owner of U.S. Patent No. 6,722,686, entitled "Coupler Locking Device and Method"

12.     Plaintiff paid Defendant approximately Twenty-Eight Thousand Dollars ($28,000.00) pursuant to the Settlement Agreement under the Settlement Agreement under the belief that Cequent was the owner of Patent 686 with all of the rights, title and privileges of the same.

13.     On or about January 2013, Defendant Cequent filed a subsequent lawsuit against a third party for patent infringement for the same Patent, Cequent Performance Products, Inc. v. Wyers Products Group, Inc. et al, Case 2:13-cv-10065 in the US District Court District of Colorado (the "Second Lawsuit").

14.     In the Second Lawsuit, facts have been exposed that illustrate that Defendant Cequent's Patent may be invalid, primarily, due to a filing error within the US Patent and Trademark Office whereby the Wyer Product Group Inc.'s initial provisional patent application predated Cequent's application for the 686 Patent.

15.     The reality that the 686 Patent is not owned by Cequent or alternatively that the 686 Patent was invalid from its inception was not foreseeable by Plaintiff.

16.     On or about June 22, 2009, Plaintiff sent a letter and an email to Defendant advising them of the cancelation of the Settlement Agreement because the alleged patent rights that were represented by Defendant as being "owned," may actually be invalid  (See attached Exhibit B – Letter to Tina Wertheim), without response or contest.

3

DocuSign Envelope ID: B7U6BU72-U6U5-4D6U-AEE2-bBEUE67U6HAU

## FIRST CLAIM FOR RELIEF
### (KNOWN MISTAKE OF FACT BY DEFENDANT)

17.     All of the above-stated allegations of the Complaint are incorporated as if set forth fully herein.

18.     The reduction to writing of the Settlement Agreement failed to reflect the true intent of the Parties.

19.     On information and belief, Defendant Cequent had actual knowledge or suspected that it in fact was not the rightful owner of the 686 Patent at the time of the execution of the written Settlement Agreement based on information obtained by Defendant, but which was not made available to Plaintiff.

20.     Because the premise of the Settlement was based on the mistaken fact that Cequent was the owner of the 686 Patent, Plaintiff has paid $28,000 to Defendant for rights it does not posses.

21.     Plaintiff prays for the rescission of the Settlement Agreement in its entirety, returning the parties to their original positions and for the return of the $28,000 paid to Defendant by Plaintiff, or alternatively reformed to provide a contingency for the outcome of the Second Lawsuit to establish Defendant's ownership in the Patent.

## SECOND CLAIM FOR RELIEF
### (Mutual Mistake)

22.     In the alternative, the above described failure of the facts surrounding the execution and premise of the Settlement Agreement was based on the material and mistaken fact of both Parties that Cequent was the valid owner of the Patent.

4

DocuSign Envelope ID: 67U6BC72-U6C5-4U6C-AEE2-5BECE67C6BAC

23.    "A mutual mistake occurs when both [P]arties, at the time of contracting, share a misconception about a basic assumption or vital fact upon which they based their bargain." *The Catamar, LLC v. Champagne*, 2006 UT App 321 ¶38, 142 P.3d 140.

24.    Plaintiff prays that the Settlement Agreement be rescinded, or alternatively reformed to provide a contingency for the outcome of the Second Lawsuit to establish Defendant's ownership in the Patent.

### THIRD CLAIM FOR RELIEF
#### (Settlement Agreement Based on Fraud)

25.    The above described failure of the written Settlement Agreement to reflect the Parties true intentions resulted from Defendant's false representations to Plaintiffs that the Defendant owned the 686 Patent.

26.    Without knowledge of the true facts and in reliance on Defendant's false representations, Plaintiff was deceived and misled into signing a writing that was based on the key false notion.

27.    Plaintiff's reliance on Defendant's false representations that Defendant was the owner of the 686 Patent, entitled to all of the rights, title and interest of the same were reasonable and justified in that Defendant withheld information from Plaintiff that was known only by Defendant as to the true ownership of the 686 Patent, as well as the existence of the Wyer Product Group Inc.'s claim.

28.    The conduct of Defendant Cequent in this matter is the result of willful and malicious or intentionally fraudulent conduct, or involved conduct manifesting a knowing and reckless indifference toward, and a disregard of, the rights of Plaintiffs. Accordingly, pursuant to UCA §78B-8-201, Plaintiffs are entitled to an award of punitive damages against Defendant Cequent in an amount to be determined at trial

DocuSign Envelope ID: B7U6BC72-U6C5-4D6C-AEE2-5BECE67U6BAC

### FOURTH CLAIM FOR RELIEF
#### (Breach of Covenant of Good Faith and Fair Dealing)

29.     All of the above-stated allegations of the Complaint are incorporated as if set

forth fully herein.

30.     Defendant Cequent's actions, if proven to be intentional and willful, have

breached its obligation of good faith and fair dealing to Plaintiffs under the Settlement

Agreement.

31.     As a direct and proximate result of Cequent's breach of the covenant of good faith

and fair dealing, Plaintiffs have been damaged in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF
#### (Unjust Enrichment-Defendants)

32.     All of the above-stated allegations of the Complaint are incorporated as if set

forth fully herein.

33.     The Plaintiffs agreed to provide payments to Defendant, and did provide

payments to Defendant in the approximate amount of $28,000.

34.     Payments were agreed to in the Settlement Agreement based on the mistaken fact

and representations of Defendant that it owned the 686 Patent.

35.     As a result, it would be inequitable for Defendant to retain the benefit those

payments made by Plaintiffs if/when in fact, Defendant does not own the 686 Patent or if such

Patent is invalid.

36.     Plaintiffs are entitled to a judgment against Defendant Cequent in an amount to be

determined at trial.

37.     The conduct of Defendant Cequent in this matter is the result of willful and

malicious or intentionally fraudulent conduct, or involved conduct manifesting a knowing and

DocuSign Envelope ID: 6706BC72-06C5-4D6C-AEE2-5BECE87C66AC

reckless indifference toward, and a disregard of, the rights of Plaintiffs.  Accordingly, pursuant to

UCA §78B-8-201, Plaintiffs are entitled to an award of punitive damages against Defendant

Cequent in an amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF
#### (Declaratory Judgment –Defendants Anderson and Neeley)

38.    All of the above-stated allegations of the Complaint are incorporated as if set

forth fully herein.

39.    Pursuant to UCA § 78B-6-408, a "person with an interest in a deed, will, or

written contract, or whose rights, status, or other legal relations are affected by a statute,

municipal ordinance, contract, or franchise, may request the district court to determine any

question of construction or validity arising under the instrument, statute, ordinance, contract, or

franchise and obtain a declaration of rights, status, or other legal relations."

40.    Plaintiffs are entitled to a declaratory judgment declaring the rights, status, and

other legal relations of the following:

- That the Settlement Agreement is rescinded in its entirety;

- Alternatively, that Defendant is not entitled to receive additional payments under
  the Settlement Agreement, until such time as the Second Lawsuit has reached its
  fruition and Defendant Cequent's ownership rights in the 686 Patent have been
  fully established.

WHEREFORE, Plaintiffs pray for judgment as follows:

A.    On their First Cause of Action, for rescission or reformation of the Settlement

Agreement;

7

DocuSign Envelope ID: B7U6BU72-U6U5-4DBU-AEE2-5BEUE87U6BAU

B.     On their Second Cause of Action, for rescission or reformaiton of the Settlement Agreement;

C.     On their Third Cause of Action, for judgment in amounts to be determined at trial;

D.     On their Fourth Cause of Action, for judgment in amounts to be determined at trial;

E.     On their Fifth Cause of Action, for $28,000 and judgment in amounts to be determined at trial;

F.     On their Sixth Cause of Action, for declaratory relief as stated therein;

K.     On all causes of action, for prejudgment interest as provided by Utah law;

L.     On their Third, Fourth and Fifth Causes of Action, for an award of punitive damages in an amount to be determined at trial; and

M.     On all causes of action, for such further relief as the Court deems just, including, without limitation, an award of costs and attorneys fees incurred in bringing this action.

## JURY DEMAND

Plaintiffs respectfully demand a trial by jury on all issues and claims that may be tried to a jury in this action.

## TIER DESIGNATION

Pursuant to Utah Rules of Civil Procedure 8(a) and 26(c)(2), this matter falls under Tier 2 and should be permitted discovery pursuant to Tier 2.

## VERIFICATIONS

I, Angela Budge, individually and as President of Diverse-Tech Corporaiton, declare as follows:

1.     I am a resident of Washington County, State of Utah and have been at all time.

2.     I am over the age of 21 and have personal knowledge of the facts set forth in the foregoing Verified Complaint, except as to those matters stated upon information and belief, and as to those matters, I believe them to be true.

8

DocuSign Envelope ID: 67066C72-06C5-4D6C-AEE2-5BECEB7C6BAC

3.      If called to testify, I would competently testify as to the matters set forth herein.

4.      I verify under criminal penalty of perjury under the laws of the United States of America that the factual statements in this Verified Complaint are true and correct to the best of my knowledge.

Executed on this 20th day of November, 2014.

Angela Budge

RESPECTFULLY SUBMITTED this 21st day of November, 2014.

LABRUM TODD PARK & VELEZ, PLLC

/s/ S. James Park

Plaintiffs' address:

1187 W. Green Springs Hts. N
Washington, Utah 84780

EXHIBIT A

### SETTLEMENT AGREEMENT

THIS AGREEMENT (the "Agreement") becomes effective this 26th day of June 2008 (the "Effective Date"), by and between Cequent Trailer Products, Inc. ("Cequent"), a corporation organized and existing under the laws of Delaware and having its principal place of business at 1050 Indianhead Drive, Mosinee, Wisconsin 54455, and Diversi-Tech Corp. ("Diversi-Tech"), a corporation organized and existing under the laws of the State of Utah and having a principal place of business at PO Box 910758, St. George, Utah 84791.

WHEREAS, Cequent is the owner of U.S. Patent No. 6,722,686, entitled "Coupler Locking Device and Method" (the "'686 patent");

WHEREAS, Diversi-Tech manufactures a coupler lock identified as the DT-25013 (the "coupler lock") and Cequent alleges that the coupler lock infringes the '686 patent;

WHEREAS, there presently is pending in the United States District Court for the Northern District of New York (the "Court") a civil action between Cequent and Diversi-Tech, Case Number 05-CV-74 (the "Litigation"), in which Cequent has asserted claims against Diversi-Tech for patent infringement of the '686 patent, which Diversi-Tech has denied, and Diversi-Tech has asserted counterclaims against Cequent alleging invalidity of the '686 patent, which Cequent has denied;

WHEREAS, Cequent and Diversi-Tech desire to settle and compromise the Litigation arising out of the claims asserted by Cequent against Diversi-Tech and by Diversi-Tech against Cequent; and

WHEREAS, Cequent and Diversi-Tech declare and represent that they are executing this Agreement wholly upon their own volition, judgment, belief and knowledge and that this Agreement is made without reliance upon any statement or representation of another party or any other person or entity, and further declare and represent that no promise, inducement, or agreement not herein expressed has been made by or to them.

NOW, THEREFORE, in consideration of the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which hereby is acknowledged, and intending to be legally bound, Cequent and Diversi-Tech hereby agree as follows:

### 1.    CONDITIONS OF SETTLEMENT

1.1    In consideration of this Agreement and in settlement of the Litigation, Diversi-Tech will pay Cequent a total sum of Sixty Thousand Dollars ($60,000) within one year from the Effective Date of this Agreement ("First Year") in twelve consecutive monthly payments of Five Thousand Dollars ($5,000.00) starting with the first monthly payment on the Effective Date. Diversi-Tech further agrees to provide Cequent with an executed Personal Guaranty of Payment upon the Effective Date, a copy of which is attached as Exhibit B, for the payment of the sixty-thousand dollars.

{1495954:}

1.2     In consideration for the payment set forth in Section 1.1, Diversi-Tech may sell up to thirty thousand (30,000) coupler locks in the First Year without additional royalty payment. If Diversi-Tech sells more than 30,000 coupler locks in the First Year, then Diversi-Tech agrees to pay Cequent a royalty of $1.50 per coupler lock sold in excess of 30,000 units.

1.3     After the First Year, Diversi-Tech agrees to pay Cequent a royalty in the amount of $1.50 going forward for each individual coupler lock sold until expiration of the '686 Patent or a final adjudication of invalidity by a court or agency of competent jurisdiction (the "lifetime of the '686 patent").

1.4     For purposes of this agreement, an accounting year begins on June 1 and ends on June 1 of the subsequent year.  On June 1 and December 1 of each year during the lifetime of the '686 patent, Diversi-Tech will provide Cequent with an accurate accounting of the number of coupler lock units sold during the previous accounting half-year.  Diversi-Tech will further provide Cequent with the royalty payments within thirty (30) days of the accounting.  Diversi-Tech may, at its discretion, make monthly accountings and payments to Cequent for the lifetime of the '686 patent without penalty.

1.5     In the event of a dispute concerning the accuracy of the accounting provided by Diversi-Tech, Cequent may at its own expense retain an auditor who is not a Cequent employee to review the accounting provided by Diversi-Tech and to formulate an audit determination. Cequent agrees that the terms of engagement for the auditor will specify that the auditor will not provide Cequent with any information Diversi-Tech made available during the audit unless it is necessary for the audit determination. Cequent agrees to request such an audit with a reasonable notice to Diversi-Tech. Diversi-Tech agrees to cooperate with any such an audit.

1.6     If Diversi-Tech disagrees with the audit determination identified in Section 1.5, then parties agree to jointly retain an independent auditor acceptable to both parties to review the accounting provided by Diversi-Tech.  Royalty payments for the challenged accounting year will be made using the number of coupler lock units sold as determined by the auditor.  If the percentage error between the auditor's determination and Diversi-Tech's determination is less than five (5) percent, Cequent will pay the entire cost associated with the audit.  If the percentage error between the auditor's determination and Diversi-Tech's determination is greater than five (5) percent, Diversi-Tech will pay the entire cost associated with the audit.

1.7     Cequent and Diversi-Tech hereby stipulate and agree that at no time will Diversi-Tech dump the coupler locks units and will only sell the coupler lock at a price of at least $20.00 per unit.

1.8     Cequent and Diversi-Tech hereby stipulate and agree to execute and cause to be filed with the Court a stipulated dismissal with prejudice in the form attached as Exhibit A, which is incorporated herein, within three (3) business days after the execution of this Agreement.

2.     **MUTUAL RELEASES**

2.1.    Effective upon the entry of the dismissal with prejudice by the Court as provided in Section 1.5, above, Cequent on behalf of itself and its predecessors, affiliates, parents, related

corporations, successors and assigns, hereby releases, acquits, discharges and dismisses with prejudice all claims, demands, obligations, judgments, actions, and causes of action, whether at equity or at law, both those asserted in the Litigation and those that remain unasserted but which could have been asserted, for all acts committed by Diversi-Tech, its principals, and its predecessors and subsidiaries that may have manufactured, offered for sale, sold, used, or imported Coupler Locking Devices prior to the Effective Date related to or arising out of the subject matter of the Litigation, including without limitation, claims that Diversi-Tech's products infringe the '686 Patent.

2.2.    Effective upon the entry of the dismissal with prejudice by the Court as provided in Section 1.5, above, Diversi-Tech, on behalf of itself and its predecessors, affiliates, parents, related corporations, successors and assigns, hereby release, acquit, discharge and dismiss with prejudice all claims, demands, obligations, judgments, actions, and causes of action, whether at equity or at law, both those asserted in the Litigation and those that remain unasserted but which could have been asserted including but not limited to invalidity or seeking reexamination, for all acts committed by Cequent and its predecessors prior to the Effective Date related to or arising out of the subject matter of the Litigation.

## 3.    REPRESENTATIONS AND WARRANTIES

3.1.    Cequent and Diversi-Tech each represent and warrant that they are the sole and lawful owners of all right, title and interest in and to each and every claim and every matter that it purports to release hereby, and they have not assigned, delegated or otherwise transferred any such claim they may have against the other party. The releasing party shall indemnify and hold harmless the other party from any claims out of or relating to any such assignment or transfer, or for any such purported or attempted assignment or transfer, of any claims or other matters released herein.

3.2.    Cequent and Diversi-Tech each represent and warrant that there are no agreements, covenants, promises, or arrangements on the subject of the settlement of the Litigation other than those set forth, referenced by, or incorporated in this Agreement.

3.3.    Cequent and Diversi-Tech each represent and warrant that they have read and understand the entire Agreement and have had the opportunity to consult with legal counsel concerning its terms and conditions. This Agreement is the result of arm's length negotiations between the parties and shall not be construed against either party as the drafting party thereof.

3.4.    Diversi-Tech represents and warrants that it has sold coupler locks only as model number DT-25013. Diversi-Tech agrees to contact Cequent within five (5) business days if any change is made to the model number. Diversi-Tech further agrees to its obligations set forth in this Agreement, including payments in Section 1, if it makes a model number change. Diversi-Tech also agrees to the terms of this Agreement if it makes any change to the coupler lock but the coupler lock is still within the scope of one or more claims of the '686 Patent. If Diversi-Tech makes any change to the coupler lock that it believes places it outside the scope of the '686 patent so that it is not required to make the royalty payments under Section 1.3, then Diversi-Tech agrees to state in writing its reasons why such a change places the coupler lock outside the scope of the '686 patent. Cequent has thirty days to respond to Diversi-Tech's written statement

upon receipt. If the parties disagree as to whether the coupler lock change is within the scope of the '686 patent, then the Court retains jurisdiction to resolve this dispute.

3.5.    The representations and warranties set forth in this Section 3 are of the essence and are an inseparable part of the consideration for this Agreement.

4.    GENERAL PROVISIONS

4.1.    Cequent and Diversi-Tech understand and agree that this Agreement is made solely to settle disputed claims and that Cequent and Diversi-Tech each deny any and all fault, liability and wrongdoing for all claims asserted in the Litigation.

4.2.    Cequent and Diversi-Tech agree that this Agreement and the terms thereof are confidential and that the parties to this Agreement and their agents, employees, servants and those acting in concert with any party shall not cause or suffer the disclosure thereof to any third party except (a) as otherwise agreed to by the parties in writing prior to any disclosure; (b) as reasonably necessary to enforce rights and obligations under this Agreement; (c) where a disclosure is required to any tax consultant, attorney, accountant or other financial or business advisor for the party to fulfill the legal obligations of such party, provided that such disclosure is made in confidence; (d) pursuant to a judicial or governmental subpoena, demand or requirement, or as otherwise required by law, provided that prompt notification is provided to the other parties, giving sufficient opportunity to intervene or otherwise seek protection from disclosure; or (e) to the extent necessary to inform third parties, including but not limited to customers, that the litigation has been amicably resolved.

4.3.    This Agreement is and shall be governed by the laws of the State of Michigan.

4.4.    This Agreement shall be binding upon and inure to the benefit of Cequent and Diversi-Tech and their respective successors and assigns.  Diversi-Tech may not assign this Agreement unless the Agreement is part of a full sale of Diversi-Tech's business and with Cequent's prior written consent, which consent shall not be unreasonably withheld.

4.5.    An action by a party to enforce any provision of this Agreement shall not relieve the other party from its obligations under this Agreement, and no failure to enforce any provision of this Agreement shall constitute a waiver of any future default or breach of that or any other provision.

4.6.    Except as where specifically provided, the provisions in this Agreement are severable, and if any one or more such provisions shall be determined to be illegal or otherwise unenforceable, in whole or in part, the remaining provisions or portions of this Agreement shall nevertheless be binding on and enforceable by and between the parties.

4.7.    This Agreement constitutes the entire agreement between the parties on the subject hereof and may not be modified except in writing referring to this Agreement and signed by the party to be bound.

4.8.    The Section headings contained in this Agreement are for convenience only and shall not affect the meaning or interpretation of this Agreement.

4.9.       This Agreement shall become binding on Cequent and Diversi-Tech at the time of the last of them to execute it, which shall be deemed the Effective Date hereof. This Agreement may be executed in counterparts and by facsimile, all of which together shall for all purposes constitute one agreement binding on each of the parties hereto notwithstanding that each such party shall not have signed the same counterpart.

4.10.   All notices, demands, and requests which may be given or which are required to be given by a party to the other under this Agreement must be in writing to the addresses for notice as follows, unless changed by similar notice in writing given by the particular person whose address is to be changed:

IF TO CEQUENT:

Tina Wertheimer, Esq.
THMas Corporation
39400 Woodward Avenue, Suite 130
Bloomfield Hills, MI 48304

IF TO DIVERSI-TECH

Paul Budge
PO Box 910758
St. George, Utah 84791

IN WITNESS WHEREOF, each party has caused this Agreement to be executed by a duly authorized representative as of the date first above written, and the person signing on behalf of each party represents and warrants that it has full authority to act on that party's behalf.

CEQUENT TRAILER PRODUCTS, INC.        DIVERSI-TECH, CORP.

By: _____        By: _____

Its: _Secretary_____        Its: _President_____

Date: _7-1-08_____        Date: _06/27/08_____

<u>EXHIBIT A</u>

{1495954:}

Exhibit B

06/22/2009

Tina Wertheim, Esq.
TriMas Corporation
3940 Woodward Ave. Suite 130
Bloomfeild, MI 48304

Dear Tina,

It has recently come to my attention that the Cequent 686 patent application may actually be invalid since another provisional patent application with clearly the exact same claims was filed by Phillip W. Wyers on March 13th 2002, application number 60,363,999. This application was filed nearly two months ahead of the 686 patent application. This clearly proves there was an error in the patent granting process since this application is clearly ahead of the 686 application.

It has also come to my attention that you were fully aware of this application and still you pursued legal action, and engaged in a settlement agreement with Diversi-Tech without disclosing this information to Diversi-Tech or its officers before negotiating a settlement . This is a serious situation and maybe even be deemed a fraudulent act. We feel this new information invalidates 686 patent and its legal enforcement. We believe at minimum this voids the settlement agreement we entered into since the settlement agreement was signed before we were aware of the error or fraudulent act.

Sincerely,

Paul W Budge
Diversi-Tech Corp.

# Exhibit 2

## Personal Guaranty of Payment

In consideration of the Settlement Agreement between Cequent Trailer Products, Inc. ("Cequent") and Diversi-Tech Corp. ("Diversi-Tech"), in which Diversi-Tech agrees to pay Cequent a sum of sixty-thousand dollars ($60,000.00) in twelve consecutive monthly payments of five-thousand dollars ($5,000.00), the undersigned Guarantor represents and warrants that she has and will continue to have assets without any liens or encumbrances of at least sixty-thousand dollars ($60,000.00) in her name until payment of said sum to Cequent, and guarantees to Cequent the payment of any sums due if Diversi-Tech defaults in payment of the sixty-thousand dollars as set forth in the Settlement Agreement and in accordance with its terms.

Liability under this Guaranty shall be absolute and unconditional, and shall arise immediately upon any default in payment of the sixty-thousand dollars under the settlement agreement, regardless of whether suit is filed. The Guarantor hereby waives notice of acceptance, presentment, notice, protest, demand or action on delinquency in respect of any indebtedness and liability. Upon any default in payment of the sixty-thousand dollars under the settlement agreement, Cequent may immediately enforce this Guaranty without the need to pursue recovery from any other source or from any collateral or other security that it may receive or hold. In the event that Cequent obtains a partial satisfaction of any amount due on the sixty-thousand dollars under the settlement agreement from the net proceeds of any collateral, Cequent may recover from the undersigned any such deficiency. The undersigned hereby waives any rights to assert, as a defense to Cequent's action for such deficiency, any claim arising from the sale or disposition of the collateral or any claim that Cequent may not recover such deficiency from the undersigned. Delay on the part of Cequent in exercising any rights, or failure to exercise any rights, shall not operate as a waiver of such rights. Should Cequent provide either notice or demand, such action does not waive the right to take further action without making either notice or demand.

DATED this 27th day of June, 2008.

_Angela Budge_
Angela Budge
Guarantor

STATE OF _Utah_ )
                          : ss.
COUNTY OF _Washington_ )

On this 27 day of June, 2008, personally appeared before me Angela Budge, a signer of the above instrument, who duly acknowledged to me that he executed the same.

IN WITNESS WHEREOF, I hereto set my hand and affixed my official seal the day and year in this certificate first above written.

_Debrah A. Fox_
Notary Public

My Commission Expires:

7/5/08                        Residing at: _Kane Co_

DEBRAH A FOX
Notary Public
State of Utah
My Comm. Expires Jul 5, 2008
71815 Campus View Dr West Jordan UT 84084